**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

IN RE:                                                                    CASE NO.: 3:15-bk-04596-PMG
                                                                                    CHAPTER 13

**Laurie Hartfield aka Laurie Robinson**
**Hartfield aka Laurie Ann Hartfield,**

   **Debtor.**

_____/

<u>**OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN**</u>

DLJ MORTGAGE CAPITAL, INC. ("Secured Creditor"), by and through its undersigned counsel, objects to confirmation of Debtor's Chapter 13 Plan (DE #11), and states as follows:

1. Debtor, Laurie Hartfield aka Laurie Robinson Hartfield aka Laurie Ann Hartfield ("Debtor"), filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code on October 20, 2015.

2. Secured Creditor holds a security interest in the Debtor's real property located at 7249 GAINESVILLE, JACKSONVILLE, FL 32208, by virtue of a Mortgage recorded on June 29, 2006 at Instrument number 2006228088 of the Public Records of Duval County, FL. Said Mortgage secures a Note in the amount of $88,878.33.

3. The Debtor filed a Chapter 13 Plan on November 3, 2015.

4. The Plan includes payments toward the Note and Mortgage with Secured Creditor, however the figures used by the Debtor are inaccurate. It is anticipated that Secured Creditor's claim will show the pre-petition arrearage due Secured Creditor is $6,369.97, whereas the Plan proposes to pay only $5,079.00. Therefore, the Plan is not in compliance with the requirements of 11 U.S.C. §§ 1322(b)(3) and 1325(a)(5) and cannot be confirmed. Secured Creditor objects to any plan which proposes to pay it anything less than $6,369.97 as the pre-petition arrearage over the life of the plan.

5.  Pursuant to the loan documents, the regular monthly mortgage payment due is $362.85, not $362.00, as indicated in the Plan.  Further, the monthly payment may be subject to periodic adjustments for escrow and/or variable interest rates, thus requiring amendment during the pendency of the Plan.  Therefore, the Plan is not in compliance with the requirements of 11 U.S.C. § 1325(a)(5) and cannot be confirmed.  Secured Creditor objects to the Plan and to any plan which does not appropriately provide for the correct regular monthly mortgage payment.

**WHEREFORE**, Secured Creditor respectfully requests this Court sustain the objections stated herein and deny confirmation of Debtor's Plan, and for such other and further relief as the Court may deem just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 4, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, and a true and correct copy has been served via CM/ECF or United States Mail to the following parties:

CANDYCE M. KING, P.A.
2219 PARK STREET
JACKSONVILLE, FL  32204

LAURIE HARTFIELD
7249 GAINESVILLE AVENUE
JACKSONVILLE, FL  32208

DOUGLAS W. NEWAY
P O BOX 4308
JACKSONVILLE, FL  32201

UNITED STATES TRUSTEE - JAX 13/7, 7
GEORGE C YOUNG FEDERAL BUILDING
400 WEST WASHINGTON STREET, SUITE 1100
ORLANDO, FL  32801

Robertson, Anschutz & Schneid, P.L.
Attorney for Secured Creditor
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: 561-241-6901
Facsimile: 561-997-6909

By: /s/ Melbalynn Fisher
Melbalynn Fisher, Esquire
Florida Bar Number 107698
Email: mfisher@rasflaw.com